UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW CORZINE,<br><br>                                    Plaintiff,<br><br>       v.<br><br>ADAM PAUL LAXALT, et. al.,<br><br>                                    Defendants. | Case No. 3:17-cv-00052-MMD-WGC<br><br>**ORDER** |

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (Electronic Case Filing (ECF) No. 1), and pro se complaint (ECF No. 1-1). Also before the court is Plaintiff's Motion for Authorization to Become an Electronic Filer Pursuant to Local Rule IC 2-1(B).  (ECF No. 3.)

## I. APPLICATION FOR LEAVE TO PROCEED IFP

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1. "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of Plaintiff's IFP application reveals he is unable to pay the filing fee; therefore, his application is granted.

## II. SCREENING

### A.  Standard

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B.     Plaintiff's Complaint**

Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Nevada Attorney General Adam Paul Laxalt; Director of Nevada Department of Public Safety James Wright; Chief of the Division of Parole and Probation Natalie Wood; Chief of Records and Technology Division of the Nevada Department of Public Safety Patrick J. Conmay; and, Parole Officer K. Lomprey.

Plaintiff alleges that he is a convicted sex offender who has been paroled with lifetime supervision. He claims that Defendants have represented that they will soon begin to retroactively impose punitive conditions upon him that did not exist at the time of his offense including residence and movement requirements. His complaint contains ten counts.

In Count I, Plaintiff asserts a denial of his due process rights because offenders on lifetime supervision do not have an adequate hearing advising them of the conditions being imposed by the Board of Parole Commissioners (Board). He also alleges that Nevada Revised Statute (NRS) 213.1243 is void for vagueness because it does not put offenders on notice of the conditions imposed by the program of lifetime supervision, which he contends also violates his

due process rights. He further claims that the version of NRS 213.1243 in effect at the time of his offense does not sufficiently define what constitutes a violation of a condition. Nor does it list the conditions he could potentially violate, which contravenes his due process rights. He then states that NRS 213.1243 is unconstitutional because it gives the Board unfettered discretion to create and impose conditions of lifetime supervision. He claims that if a hearing is given, the offender does not have an opportunity to make a statement, and many times the Board imposes conditions in the absence of the offender. After the conditions are set, the offender cannot contest them.

Taking the allegations as true, and construing them liberally, as the court must at this stage, the court concludes Plaintiff states colorable claims that NRS 213.1243 violates the due process clause of the constitution and is unconstitutionally vague, both as it existed at the time of his offense and as it is allegedly represented to be applied to him imminently.

Under the Due Process Clause, a State may not deprive an individual of "life, liberty or property without due process of law" without providing "notice and an opportunity to respond." U.S. Const. amend XIV; *United States v. Raya-Vaca*, 771 F.3d 1195, 1204 (9th Cir. 2014). Plaintiff alleges he is being deprived of certain liberties when conditions are imposed against him as an offender on a lifetime supervision program without giving him adequate notice of what those conditions are or how they may be violated or giving him a chance to address them before they are imposed against him.

In addition, as to vagueness, "[t]o pass muster, a regulation must 'allow persons of ordinary intelligence a reasonable opportunity to know what is prohibited.'" *O'Brien v. Welty*, 818 F.3d 920, 930 (9th Cir. 2016) (citing *Foti v. City of Menlo Park*, 146 F.3d 629, 638 (9th Cir. 1998)). "[I]ndividuals should not be punished for behavior they could not have known was illegal." *Id*. (citations omitted). Plaintiff alleges that applying NRS 213.1243 to him imposes punitive conditions that he has not been advised of and that were not in effect at the time of his offense.

In Count II, Plaintiff alleges that NRS 213.1243 violates his substantive due process rights because the conditions imposed on him will infringe on his fundamental right to travel and live with his family.

Substantive due process protects individuals from arbitrary and unreasonable government action which deprives a person of life, liberty or property. *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994). Plaintiff may proceed with a substantive due process claim.

In Count III, Plaintiff asserts that the conditions that will be imposed on him by NRS 213.1243 will prohibit him from associating with certain people and in certain areas in violation of his First Amendment rights. Taking these allegations as true, Plaintiff states a colorable First Amendment claim. While "[n]ot expressly enumerated, this freedom [of association] is a consequence of the First Amendment's textual guarantees." *Blaisdell v. Frappiea,* 729 F.3d 1237, n. 13 (citing *Roberts v. United States* Jaycees, 468 U.S. 609, 622 (1984)). The defendants may argue at a later date that the conditions, even if they restrict a fundamental right, is nevertheless valid because it is designed to aid in Plaintiff's rehabilitation and protect the public. *See e.g. United States v. Bee*, 162 F.3d 1232, 1234 (9th Cir. 1998) (citation omitted).

In Count IV, Plaintiff alleges a violation of his right to equal protection under the laws. He asserts that the conditions imposed by the Board under NRS 213.1243 treat offenders prior to the enactment of NRS 176.0931, NRS 213.1243, and Nevada Administrative Code (NAC) 213.290 differently than Plaintiff (an offender serving a special sentence of lifetime supervision after 1995).

The Fourteenth Amendment prohibits the denial of "the equal protection of the laws." U.S. Const. amend XIV, § 1. It "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). Plaintiff has sufficiently alleged an equal protection violation.

/ / /

In Count V, Plaintiff references both the Fourteenth Amendment and the Eighth Amendment. He avers that a violation of conditions imposed by the Board under NRS 213.1243 subjects an offender to another felony and mandatory sentence of one to six years' imprisonment and a discretionary fine up to $5,000. He avers that this is disproportionate.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend VIII. It prohibits "not only barbaric punishments, but also sentences that are disproportionate to the crime committed." *Solem v. Helm*, 463 U.S. 277, 284 (1983). Taking Plaintiff's allegations as true, and construing them liberally, Plaintiff sufficiently states an Eighth Amendment claim for cruel and unusual punishment based on the averment that the sentence for a violation of a condition of lifetime supervision is disproportionate to the crime, which is simply the violation of a condition.

In Count VI, Plaintiff alleges a violation of the Double Jeopardy Clause. He alleges that lifetime supervision with additional conditions amounts to imposing multiple sentences on him for the same crime.

The Double Jeopardy Clause precludes subjecting a person to the jeopardy of multiple punishments for the same criminal act. U.S. Const. amend V. Courts apply a two-step test to "determine whether a newly enacted legislative scheme constitutes an additional form of punishment." *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1052-53 (9th Cir. 2012)[1] (*ACLU Nevada*) (citing *Russel v. Gregoire*, 124 F.3d 1079, 1086 n. 6 (9th Cir. 1997); *Hatton v. Bonner*, 356 F.3d 955, 961 (9th Cir. 2004)). The inquiry looks at the legislature's intent and whether it was punitive or non-punitive. At the pleading stage, Plaintiff has adequately stated a claim under the Double Jeopardy Clause because taking the allegations as true and construing them liberally, Plaintiff avers that the Nevada legislature intended to subject offenders such as Plaintiff to additional criminal punishment via NRS 213.1243.

---

[1] In that case, the Ninth Circuit held that Nevada's law which adopted the federal government's Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16912, did not constitute retroactive punishment in violation of the Ex Post Facto Clause or Double Jeopardy Clause. *Id.* at 1053. SORNA, and the corresponding Nevada law, prescribed "detailed registration and notification requirements" for sex offenders.

In Count VII, Plaintiff asserts that requiring Plaintiff to submit to conditions of lifetime supervision that were not previously imposed on him, and subjecting him to a felony charge and new sentence if those additional conditions are violated, contravenes the Constitution's Ex Post Facto clause.

The Ex Post Facto clause prohibits the government from retroactively imposing additional punishment for a criminal offense. *ACLU Nevada*, 670 F.3d at 1052 (citing U.S. Const. art. I, § 9, cl. 3.) Again, courts look at whether the legislature's intent was to impose criminal punishment or a non-punitive regulatory scheme. *Id*. at 1053. At the pleading stage, Plaintiff has alleged facts implying that the Nevada legislature intended to impose additional criminal punishment on sex offenders on lifetime supervision. Therefore, he may proceed with his claim under the Ex Post Facto Clause.

In Count VIII, Plaintiff asserts a violation of the Contracts Clause, alleging that NRS 213.1243 impairs the terms of his plea agreement by imposing conditions that did not exist in any statute, including residency and movement restrictions.

The Contracts Clause provides that "[n]o state shall … pass any … Law impairing the Obligation of Contracts." U.S. Const., art. 1, § 10. In determining whether there has been a violation of the Contracts Clause, courts look at: "(1) whether the state law has the effect of impairing a contractual obligation; (2) if so, whether that impairment is permitted under the Constitution." *ACLU Nevada*, 670 F.3d at 1060 (citing *U.S. Trust Co. v. New Jersey*, 431 U.S. 1, 25 (1977)). Plaintiff has adequately stated a Contracts Clause claim at the pleading stage. The factors mentioned above will become important in a motion to dismiss that relies on matters of which the court may take judicial notice, at summary judgment, or at trial.

In Count IX, Plaintiff alleges that NRS 213.1243 violates the separation of powers doctrine because it delegates power to legislate to an executive agency without intelligible standards, and allows an executive agency to interpret and apply the law which infringes on the legislative and judicial branches' powers under the United States and Nevada Constitutions.

/ / /

/ / /

Here, Plaintiff appears to allege that the Nevada legislature improperly delegated the power to delineate conditions for lifetime supervision under NRS 213.1243 to the Board. He states a colorable claim under the Nevada Constitution. *See* Nev. Const., art. 3, § 1. In addition, as set forth below, the Bill of Attainder Clause implements the separation of powers doctrine; therefore, he also states a claim under the United States Constitution.

In Count X, Plaintiff alleges a violation of the Bill of Attainder Clause of the Constitution, claiming that NRS 213.1243 applies to offenders on lifetime supervision and allows the Board to inflict further punishment in the absence of a trial.

"No Bill of Attainder … shall be passed." U.S. Const. art. I, § 9, cl. 3. A "bill of attainder" is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 568 (1977). "The Bill of Attainder Clause implements the doctrine of separation of powers." *Id.* at 469. "Just as Article III confines the Judiciary to the task of adjudicating concrete 'cases or controversies,' so too the Bill of Attainder Clause was found to 'reflect … the Framers' belief that the Legislative Branch is not so well suited as politically independent judges and juries to the task of ruling upon the blameworthiness of, and levying appropriate punishment upon, specific persons." *Id.* (quoting *United States v. Brown*, 381 U.S. 437, 445 (1965)). "Three key features brand a statute a bill of attainder: that the statute (1) specifies the affected persons, and (2) inflicts punishment (3) without a judicial trial." *SeaRiver Maritime Financial Holdings, Inc. v. Mineta*, 309 F.3d 662, 668-69 (9th Cir. 2002) (citing *Selective Serv. Sys. v. Minnesota Pub. Interest Research Group*, 468 U.S. 841, 847 (1984)).

Plaintiff alleges that NRS 213.1243 specifies the affected persons—offenders on lifetime supervision—and, that the statute inflicts punishment without a trial. Therefore, he states a colorable claim under the Bill of Attainder Clause.

In sum, Plaintiff may proceed with the claims asserted in Counts I-X.

/ / /

/ / /

/ / /

### III. ELECTRONIC FILING

Plaintiff has filed a motion requesting authorization to become an electronic filer pursuant to Local Rule 1C 2-1(b).

Local Rule 1C 2-1(b) provides that "[a] pro se litigant may request the court's authorization to register as a filer in a specific case." The pro se litigant must submit a completed application to become an electronic filer. LR 1C 2-1(d).

Plaintiff's motion for authorization to become an electronic filer (ECF No. 3) is **GRANTED**. However, Plaintiff must first comply with the following procedures to activate his CM/ECF account:

1. By March 10, 2017, Plaintiff must file a written certification that he has completed the CM/ECF tutorial and is familiar with Electronic Filing Procedures, Best Practices, and the Civil & Criminal Events Menu that are available on the court's website, www.nvd.uscourts.gov.  Plaintiff is advised that he is not authorized to file electronically until this certification is filed with the court within the time frame specified.  LR IC 2-1.

2. After timely filing the certification, Plaintiff must contact the CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account.

3. Plaintiff is directed to familiarize himself with Part IC - Electronic Case Filing of the Local Rules of Practice of the United States District Court.

### IV. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) Plaintiff may proceed with Counts I-X of his complaint.

(3) The Clerk is directed to **FILE** the complaint (ECF No. 1-1).

(4) Plaintiff's motion for authorization to become an electronic filer (ECF No. 3) is **GRANTED**. However, Plaintiff must first comply with the following procedures to activate his CM/ECF account:

1. By March 10, 2017, Plaintiff must file a written certification that he has completed the CM/ECF tutorial and is familiar with Electronic Filing Procedures, Best Practices, and the Civil & Criminal Events Menu that are available on the court's website, www.nvd.uscourts.gov. Plaintiff is advised that he is not authorized to file electronically until this certification is filed with the court within the time frame specified.  LR IC 2-1.

2. After timely filing the certification, Plaintiff must contact the CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account.

3. Plaintiff is directed to familiarize himself with Part IC - Electronic Case Filing of the Local Rules of Practice of the United States District Court.

(5) The Clerk shall **ISSUE** a summons for the named defendants and send Plaintiff copies of the complaint and service of process form (USM-285). Plaintiff shall then have twenty (20) days to complete the USM-285 form and return it to the U.S. Marshal to complete service upon the defendants. Within twenty days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff shall file a notice with the court indicating whether the defendants were served. If service was not effectuated, and if Plaintiff wishes to have service attempted again, he must file a motion with the court specifying the unserved defendant(s) and providing a more detailed name and/or address for said defendant(s), or indicating that some other manner of service should be attempted. Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety days of the date of this order. Should Plaintiff require an extension of time to effectuate service, he must file a motion seeking an extension supported by good cause *before* the ninety days has expired.

(6) Once service is accomplished, Plaintiff shall serve a copy of every pleading, motion or other document submitted for consideration by the court upon the defendants or, if an appearance has been entered by counsel, upon the attorney. Plaintiff shall include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was mailed to the defendant or counsel. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, or

any document that fails to include a certificate of service.

**IT IS SO ORDERED**.

DATED: February 17, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE